# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BERRY STRONG,<br><br>    Plaintiff,<br><br>    v.<br><br>O. BEREGOVSKAYA,<br><br>    Defendant.<br>_____ / | CASE NO. 1:09-cv-00821-OWW-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING PLAINTIFF'S FEDERAL CLAIMS, WITH PREJUDICE AND REMANDING ACTION<br><br>(ECF No. 13)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

## I. Screening Requirement

Plaintiff George Berry Strong ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Defendants removed this action from Kings County Superior Court on May 7, 2009. (ECF No. 1.) Currently pending before the Court is the First Amended Complaint, filed July 12, 2010. (ECF No. 13.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

1  demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.  Complaint Allegations

When Plaintiff was transferred to the Substance Abuse Treatment Facility in Corcoran, he was informed that he needed to contact medical staff to receive a chrono to wear his personal tennis shoes. In December 2008, Plaintiff attempted to wear his tennis shoes to visiting and was advised by staff that he could not wear his personal tennis shoes in the visiting area.[1] (First Amended Compl. 7, ECF No. 13.) On January 29, 2008, Plaintiff was seen by Defendant Beregovskaya and explained that he needed to be allowed to wear his personal tennis shoes to visiting to prevent additional pain and suffering due to his foot condition. Defendant Beregovskaya told Plaintiff that he could be seen by the foot specialist. Plaintiff requested that Defendant Beregovskaya update Plaintiff's medical chrono so he could wear his shoes to visiting. Defendant Beregovskaya informed Plaintiff that she would not update his chrono, and he would need to see the foot specialist. (Id. at 8.)

Plaintiff saw the foot specialist on March 27, 2008, who recommended that Plaintiff have

---

[1] The Court takes judicial notice of court records and notes that Plaintiff currently has a case proceeding based upon the policy not allowing personal shoes in the visiting room. Strong v. Hubbard, No. 1:08-cv-00087-LJO-GBC.

a soft shoe chrono. (Id.) Plaintiff saw Defendant Beregovskaya who advised Plaintiff that she was not authorized to issue medical chronos and that he was allowed to wear his shoes everywhere, except in the visiting area. Defendant wrote a letter to the warden and prison law office complaining that Defendant Beregovskaya had issued him a medical chrono, but defeated the purpose of the chrono because he was not allowed to wear his shoes in the visiting area. Plaintiff filed a complaint against Defendant Beregovskaya that was not processed as required by the California Department of Corrections and Rehabilitation regulations. (Id. at 9.)

On July 30, 2008, Plaintiff was examined by an orthopedic service, and it was determined that he needed orthopedic shoes. After thirteen months of having to wear state issued shoes, Plaintiff received orthopedic shoes. (Id.) On July 22, 2008, Plaintiff was seen by Defendant Beregovskaya and she spoke to him in an "unprofessional, unethical, vindictive, retaliatory, maliciously, sadistic voice." (Id. at 10.) Defendant Beregovskaya refused to examine Plaintiff and threatened to change his pain medication, refer him to a specialist, and request that his neck be operated on. Plaintiff went and called his wife. Plaintiff's wife contacted the ombudsman, chief medical officer, and warden's office and within several hours Plaintiff was seen by a physician's assistant who requested x-rays and prescribed pain medication. (Id.)

Plaintiff alleges that Defendant Beregovskaya exhibited deliberate indifference to his serious medical needs resulting in damage to his feet, left shoulder and arm, and other injuries. Plaintiff is seeking monetary damages.

For the reasons set forth below, Plaintiff's allegations fail to state a cognizable claim against Defendant Beregovskaya for deliberate indifference in violation of the Eighth Amendment. It will be recommended that Plaintiff's federal claims be dismissed, with prejudice, and this action be remanded to state court for resolution of any remaining state law claims.

**III.   Discussion**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond.

1  Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference
2  is a high legal standard." Simmons, 609 F.3d at; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.
3  2004). The prison official must be aware of facts from which he could make an inference that "a
4  substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511
5  U.S. 825, 837 (1994).

6      Plaintiff fails to set forth factual allegations that Defendant Beregovskaya failed to respond
7  to his serious medical needs by failing to issue a chrono authorizing him to wear his personal shoes
8  during visits. According to Plaintiff's complaint, Defendant Beregovskaya informed Plaintiff that
9  she was unable to authorize him to wear his shoes in the visiting area. When Plaintiff requested a
10 chrono Defendant Beregovskaya referred him to the foot specialist and he received the chrono which
11 allowed him to wear his personal shoes everywhere, except the visiting area. While Plaintiff alleges
12 that Defendant Beregovskaya was deliberately indifferent, she referred him to the foot specialist, he
13 was evaluated by the specialist and an orthopedic service, and it was recommended he receive
14 orthopedic shoes. Although Plaintiff complains that it took him thirteen months to receive the shoes,
15 he fails to link Defendant Beregovskaya to the delay.

16     Additionally, Plaintiff alleges that he suffered injury due to not being able to wear his
17 personal shoes, however he was able to wear his personal shoes everywhere except the visiting area.
18 Plaintiff would only be required to wear the state issued shoes during the weekly visits that he chose
19 to attend. (Compl. 8, ECF No. 1.)

20     Plaintiff's allegations that Defendant Beregovskaya spoke disrespectfully to him and
21 threatened him fail to arise to the level of deliberate indifference. A verbal threat does not state a
22 cause of action under the Eighth Amendment. Gaut v. Sunn, 810 F.2d 923, 925 (9th 1987).
23 Although Plaintiff alleges that Defendant Beregovskaya refused to treat him, he was seen within a
24 few hours by a physicians assistant and received treatment. A delay in treatment would not rise to
25 the level of deliberate indifference unless the delay causes substantial harm. Hallett v. Morgan, 296
26 F.3d 732, 746 (9th Cir. 2002); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley
27 v. Nevada Board of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1984).
28 ///

IV. **Conclusion and Recommendation**

The Court finds that Plaintiff's complaint fails to state any claims upon which relief can be granted under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action Plaintiff has been granted an opportunity to amend the complaint, with guidance by the Court. Plaintiff has now filed two complaints without alleging facts sufficient to state a claim under section 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's federal claims be dismissed, with prejudice, for failure to state a claim upon which relief can be granted and this action be remanded to Kings County Superior Court for resolution of any remaining state law claims.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 31, 2011**           /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE